UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JOHN HENLEY, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:25-cv-00601-ART-CLB<br><br>ORDER |

Renard T. Polk, an individual incarcerated at the Northern Nevada Correctional Center, initiated this habeas corpus action, *pro se*, on October 23, 2025, by submitting for filing a petition for writ of habeas corpus. (ECF No. 1-1.) Polk did not pay the $5 filing fee or file an application to proceed *in forma pauperis*, so on October 28, the Court ordered that Polk had 30 days—until November 28—to do one or the other, and the Court stated that if Polk did not pay the filing fee or file an *in forma pauperis* application in the time allowed, this action may be dismissed. (ECF No. 3.) Polk did not comply with the October 28 order. Therefore, on December 10, the Court dismissed this action without prejudice, and judgment was entered accordingly. (ECF Nos. 4, 5.)

On December 31, Polk filed a "Motion to Reopen" (ECF No. 6), which the Court construes as a motion for relief from judgment under Fed. R. Civ. P. 60(b). Under Rule 60(b)(1), the Court may relieve a party from a judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect. Under Rule 60(b)(6), the Court may relieve a party from a judgment for any other reason that justifies relief.

In his motion, as the Court understands it, Polk claims he did pay the filing fee before the November 28 deadline. But the docket does not reflect that, and Polk submits no evidence to show that there has been some mistake and

1

1 that he did pay the filing fee as he alleges. Rather, the docket indicates that Polk
2 never has paid the filing fee for this action and never has filed an application to
3 proceed *in forma pauperis*. In short, Polk does not make a showing warranting
4 relief from the judgment under Rule 60(b).

5     The dismissal of this action was without prejudice; this means that Polk
6 may initiate a new action. To do so, he must submit a petition for writ of habeas
7 corpus along with either payment of the $5 filing fee or an application to proceed
8 *in forma pauperis.* Again: that will be a new action. Polk should not place the
9 case number of this action on papers he files if he opts to initiate a new case.

10     It is therefore ordered that Petitioner's Motion to Reopen (ECF No. 6) is
11 denied. Petitioner is denied a certificate of appealability.

12     It is further ordered that the Clerk of Court is directed to accept no further
13 filings in this action other than a notice of appeal.

14     DATED THIS 12th day of January, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE